IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLENCY JONES | § | |
|    TDCJ-CID #1195654 | § | |
| | § | |
| VS. | § | C.A. NO. C-05-520 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

**OPINION AND ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims against Brad Livingston and Warden Paul Morales are dismissed for failure to state a claim; plaintiff's deliberate indifference claims against the remaining defendants are retained.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff consented to proceed before a magistrate judge (D.E. 10), and by order of reassignment entered December 5, 2005, this case was reassigned to the undersigned magistrate judge to conduct all further proceedings, including entry of final judgment (D.E. 13).

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Polunsky Unit in Livingston, Texas, although his complaint concerns events that occurred at the McConnell Unit in Beeville, Texas. He is suing the TDCJ Director, Brad Livingston, and the following McConnell Unit officials: Warden Paul Morales; Dr. Maximiliano Herrera; Sergeant M. Gomez; and Sergeant K. Stroley. The following allegations were made in plaintiff's original complaint and at the January 5, 2005, Spears[1] hearing:

On July 25, 2005, plaintiff was hit in the right eye while playing baseball. Plaintiff had to be helped off the recreation yard and he was taken to the front desk. There, Sergeant M. Gomez refused to call medical to report the injury, but instead, ordered plaintiff to his cell. Plaintiff's right eye was swollen, bruised and bloodshot. Later that day after shift change, plaintiff asked Sergeant K. Stroley to take him to medical, but she, too, refused, despite plaintiff's obvious injuries.

Plaintiff submitted a Sick Call Request (SCR) following the accident. Plaintiff was seen in medical four days later and examined by Dr. Herrera who prescribed an ice pack. Plaintiff returned to medical one or two weeks later, complaining that he was sensitive to light and that his eye was still bloodshot. He was seen by a physician's assistant who told him nothing was wrong with his eye.

Plaintiff filed step 1 and step 2 grievances complaining about the delay in medical care and the care received, but Warden Morales took no action. Plaintiff claims that he now has blurred vision in his right eye, and difficulty with his reading and distance vision, although he had 20/20 vision before the accident.

## III. DISCUSSION

**A.     Legal standard.**

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.     Deliberate indifference to serious medical needs.**

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303.(1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Farmer, 511 U.S. 825, 837 (1994). Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th

Cir. 2001).

Taking his allegations as true, plaintiff has successfully alleged deliberate indifference claims against Sergeant Gomez, Sergeant Stroley, and Dr. Herrera. Plaintiff claims that his right eye was swollen and bloodshot following the accident, and that he repeatedly asked both sergeants to take him to the infirmary for evaluation on that same day and the next, but that they refused. As to Dr. Herrera, plaintiff suggests that Dr. Herrera's evaluation was cursory with improper follow-up, which led to permanent damage. These allegations suggest that these defendants were aware of a risk to plaintiff's health and safety, but ignored that risk. The Court retains plaintiff's deliberate indifference to serious medical needs claims against these defendants.

Plaintiff claims that Brad Livingston, as TDCJ director, and Warden Morales, as senior warden, are responsible for the actions of the other defendants.

Section 1983 does not create supervisory or *respondeat superior* liability. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff has failed to allege any personal involvement by defendant Brad Livingston. As to Warden Morales, the fact that he did not respond to, or denied, plaintiff's grievances does not, alone, state a claim. The Fifth Circuit has recently held that

> ... given the size of the operation that they oversee, [supervisory officials] cannot be expected to intervene personally in response to every inmate letter they receive. The record in this case shows that they responded to [the plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps. This was a reasonable discharge of their duty to protect inmates in their care.

4

Johnson v. Johnson, 385 F.3d 503, 526 (5th Cir. 2004).

In the present case, it would be reasonable for Warden Morales to refer the matter to, and rely on, the medical decisions of Dr. Herrera. Plaintiff's allegations against Warden Morales fail to state a constitutional violation.

## IV.  **CONCLUSION**

Plaintiff's claims against Brad Livingston and Warden Morales are dismissed with prejudice for failure to state a claim. 28 U.S.C § 1915A(b). Plaintiff's deliberate indifference claims against Dr. Herrera, Sergeant Gomez and Sergeant Stroley are retained on the Court's docket.

ORDERED this 6th day of January, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE