**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FLENZY JONES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-05-520** |
| | § | |
| **BRAD LIVINGSTON, et al.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION**
**FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to TDCJ-CID's Polunsky Unit in Livingston, Texas.  Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the McConnell Unit in Beeville, Texas, were deliberately indifferent to his serious medical needs.  Service of process was ordered, and defendants have filed an answer and a motion for summary judgment.  Pending is plaintiff's motion for appointment of counsel (D.E. 38).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Further, Bounds did not create  a "free-standing right to a law library or legal assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180

(1996).   It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id. This case is not complex.  According to plaintiff, his eye was injured while playing baseball, and defendants Gomez and Stroley refused to take him to the infirmary for evaluation.  He further alleges that once he was finally taken to the medical department, defendant Herrera refused to treat his injured eye.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent and he understands his claims.  Though plaintiff claims to have only a third grade education, he communicated well during his evidentiary hearing, and his pleadings demonstrate that he is reasonably intelligent.  If plaintiff has not prepared the pleadings himself, he has been able to secure help with his pleadings.  At this early stage of the case, plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.  Dispositive motions have not yet been ruled upon.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 38) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 27th[th] day of December, 2006.

B. JANICE ELLINGTON
UNITED   STATES   MAGISTRATE   JUDGE